UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MILDRED VIERRA,
        Plaintiff,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
CHRISTOPHER GREINER, Shield # 1425,
Narcotics Borough Brooklyn South,
NEW YORK CITY POLICE DETECTIVE
DANIEL AYBAR. Shield # 968,
Narcotics Borough Brooklyn South,
        Defendants.
----------------------------------------------------X

CV 17 - 7416

COMPLAINT

BLOCK, J.

LEVY, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, MILDRED VIERRA, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

1

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, MILDRED VIERRA, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER, Shield Number 1425, and NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, Shield # 968, upon information and belief of the NARCOTICS BOROUGH BROOKLYN SOUTH COMMAND, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE DETECTIVE GREINER and NEW YORK CITY POLICE DETECTIVE AYBAR are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE DETECTIVES GREINER and DETECTIVE AYBAR were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE DETECTIVE GREINER and NEW YORK CITY POLICE DETECTIVE AYBAR, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit

of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK, and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On December 26, 2014 at approximately 12:30 p.m. the Plaintiff had just left a store and was walking in the vicinity of 108th Street and Glenmore Avenue in Kings County when Defendants, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR and two other members of THE NEW YORK CITY POLICE DEPARTMENT exited an unmarked van and approached the Plaintiff and asked the Plaintiff if she lived in the area. The Plaintiff told Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other Officers where she lived, whereafter Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other officers asked the Plaintiff why she was in the area. The Plaintiff informed Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR why she was in the area, wherafter Defendant DETECTIVE GREINER took the Plaintiff's purse and began to search through it, using a flashlight. After several minutes Defendant DETECTIVE

GREINER stated in sum and substance "bingo". The Plaintiff, upon observing this, immediately told Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR that she had a prescription for the item, which was Zolpidem Tartrate. Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR, ignored the Plaintiff and instead told the Plaintiff to unbutton her blouse and shake out her bra. The Plaintiff complied, whereafter Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR told the Plaintiff to unbutton her pants and run her fingers around her underwear. The Plaintiff again complied with the order, whereafter Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other Officers ordered the Plaintiff to remove her boots. The Plaintiff again complied, whereafter Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other Officers proceeded to search the Plaintiff's purse for another fifteen to twenty minutes. While the Defendant Officers searched the Plaintiff's property she informed Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR that she was a diabetic. Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other Officers informed the Plaintiff that the process was going to take a long time, whereafter the Plaintiff was transported to a local precinct after being driven around Kings County for several hours by Defendant DETECTIVES AYBAR and GREINER. At the precinct the Plaintiff asked for a female Officer, which request was denied by Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR. The Plaintiff again informed Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR that she was diabetic and needed to eat. The Plaintiff was held in custody for approximately six more hours by Defendant DETECTIVE GREINER and Defendant DETECTIVE AYBAR and the other members of THE NEW YORK CITY POLICE DEPARTMENT without being allowed to eat any food, which made the Plaintiff feel ill in light of her stated medical condition. The Plaintiff was charged with violating New York Penal Law Section 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree), based upon the sworn Criminal Court Complaint

of KINGS COUNTY ASSISTANT DISTRICT ATTORNEY VICTORIA CLARKSON, which was based upon the sworn Supporting Deposition of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER, who did not inform the prosecution that the Plaintiff had a prescription for the item alleged to have been found by Defendant NEW YORK CITY POLICE DETECTIVE GREINER. The Plaintiff was required to go to Court to defend herself against the false Criminal Court complaint initiated by Defendant NEW YORK CITY POLICE DETECTIVE GREINER, which Complaint was dismissed by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE on the Plaintiff's first appearance, which was on March 24, 2015.

### FIRST FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on December 26, 2014 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE AYBAR, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiff and her property without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE AYBAR occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

15. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on December 26, 2014 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully placing Plaintiff under arrest without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations**

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, on December 26, 2014, the conduct of named Defendant, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, acting under color of State law, violated Section 42 U.S.C 1983 by unlawfully and with malice failing to inform THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE that Plaintiff possessed a prescription for the items unlawfully seized by Defendant DETECTIVE CHRISTOPHER GREINER and Defendant DETECTIVE DANIEL AYBAR.

20. That the actions of Defendants, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution

21. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, between December 26, 2014 and March 25, 2015 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously failing to inform members of THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE that the Plaintiff was in possession of a prescription for the alleged contraband allegedly recovered from Plaintiff by Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, resulting in and causing the arrest and prosecution of Plaintiff for no lawful reason or cause.

23. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT

and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations

24. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, on December 26, 2014, the conduct of named Defendants, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully withholding food from the Plaintiff while Plaintiff was in custody causing Plaintiff's medical condition to worsen, without lawful reason or cause.

26. That the actions of Defendant, NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six as if fully set forth herein.

28. That on December 26, 2014, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

8

## SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That on December 26, 2014, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

31. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That on December 26, 2014, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, resulting in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That on December 26, 2014, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK POLICE DETECTIVE CHRISTOPHER GREINER, resulting in the unlawful search, detention, and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That on December 26, 2014, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

31. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That on December 26, 2014, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR, resulting in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That on December 26, 2014, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK POLICE DETECTIVE CHRISTOPHER GREINER, resulting in the unlawful search, detention, and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE DETECTIVE CHRISTOPHER GREINER and Defendant NEW YORK CITY POLICE DETECTIVE DANIEL AYBAR.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

Dated: December 19, 2017
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.
(VB-5289)
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373